IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAMORUDEEN SOWEMIMO, ) | |
| ) | |
| Plaintiff, ) | No. 05 C 2957 (01 CR 003) |
| ) | |
| ) | Suzanne B. Conlon, Judge |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kamorudeen Sowemimo, *pro se*, moves for the return of property pursuant to Fed. R. Crim. P. 41(g). On August 31, 2005, this court ordered the government to show cause why Sowemimo's motion for return of property should not be granted.

## BACKGROUND

Sowemimo, a Nigerian heroin smuggler, was indicted along with fourteen other members of a large heroin distribution organization in Chicago. Sowemimo pleaded guilty to conspiracy to possess with intent to distribute heroin, the first count of a nineteen count indictment. On September 14, 2001, Sowemimo was sentenced to 168 months imprisonment. He appealed various aspects of his plea agreement and sentence; his conviction and sentence were affirmed. *United States v. Sowemimo*, 335 F.3d 567 (7th Cir. 2003). In his current motion, Sowemimo seeks the return of a laptop computer and miscellaneous documents and photographs taken from a bedroom closet at his residence pursuant to a search warrant. He also seeks the return of a 1991 white Lexus that was confiscated during his arrest. Alternatively, he asks that the government be compelled to initiate

1

administrative forfeiture proceedings so that he may challenge the forfeiture of these items. The government responds that Sowemimo's motion is untimely and should be denied.

Beginning on March 21, 2000, the Drug Enforcement Agency ("DEA") sent notices of the seizure of the laptop computer by certified mail to Sowemimo's residence, to J. Clifford Greene's office (Sowemimo's attorney) and to the Metropolitan Correctional Center ("MCC") where he was presumably incarcerated. Govt. Supp. Resp. at Exs. 2-5. The return receipt sent to the MCC was not signed. Therefore, the government subsequently sent a letter by certified mail to Sowemimo at the MCC, enclosing a copy of the notice. Govt. Supp. Resp. at Ex. 11. The notices directed Sowemimo to file a claim to contest the forfeiture by July 27, 2001. On June 18, 2002, DEA sent another notice to Sowemimo at the Rochester Federal Medical Center, directing him to file a claim to contest forfeiture by July 23, 2002. Govt. Supp. Resp. at Exs. 9, 10. DEA also published its intent to forfeit the laptop computer in *The Wall Street Journal* on April 2, 9, and 16, 2001. Govt. Supp. Resp. at Ex. 8. After receiving no claim for the laptop computer, DEA entered an administrative declaration forfeiting it on July 29, 2002.

On March 6, 2001, DEA served notices of the seizure of the 1991 white Lexus by certified mail to Sowemimo's residence, to Speedway Motors, to Greene's office and to the MCC. Govt. Supp. Resp. at Exs. 13-20. DEA received signed return receipts for each of these notices. The notices, however, contained an incorrect vehicle identification number ("VIN"). On May 29, 2001, DEA served notices of the seizure containing the corrected VIN to Sowemimo's residence, to Greene's office, and to the MCC. Govt. Supp. Resp. at Exs. 22-25. On November 15, 2001, DEA served additional notices reflecting the correct VIN to Rochester Federal Medical Center and to Speedway Motors. Govt. Supp. Resp. at Exs. at 26-29. Although they were sent by certified mail,

2

DEA apparently did not receive signed return receipts for these notices. The second notices sent to Sowemimo's residence and to Speedway Motors were returned marked, "Return to Sender: Unclaimed." Govt. Supp. Resp. at Exs. 23, 27. DEA again sent notices to Greene's office and to the Rochester Federal Medical Center on April 15, 2002, and received signed return receipts for both notices.[1] Govt. Supp. Resp. at Exs. at 29-32. Each notice informed Sowemimo that in order to contest forfeiture, he must file a claim with DEA's Forfeiture Counsel. The last date given for Sowemimo to contest forfeiture of the Lexus was May 20, 2002. DEA published its intent to forfeit the Lexus in *The Wall Street Journal* on March 19, 26, and April 2, 2001. Govt. Supp. Resp. at Ex. 21. Sowemimo did not file a claim for the car. Accordingly, on July 24, 2002, DEA entered an administrative declaration forfeiting the Lexus.

## DISCUSSION

Sowemimo argues that he has been deprived of his property without due process. Although a district court may not review the merits of administrative forfeiture proceedings, it does retain jurisdiction to consider the procedures used to effect the forfeiture. *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000); *Casas v. United States*, 88 F. Supp. 2d 858, 861 (N.D. Ill. 1999). Due process requires that in any proceeding that will be accorded finality, notice must be given to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. *Krecioch*, 221 F.3d at 980; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When determining whether due process requirements have been met, the operative question is whether notice was adequate at the time it was sent. *Krecioch*, 221 F.3d at 980; *United States v. Crenshaw*, No. 02 C 7076, 2004 WL 742100, at *2 (N.D. Ill. March 31, 2004). Notice is not

---

[1] As of May 16, 2001, Greene no longer represented Sowemimo.

adequate if the notifying party knew or had reason to know that notice would be ineffective. *Crenshaw*, 2004 WL 742100, at *2. "[I]f under the practicalities and peculiarities of a particular case, notice is 'reasonably calculated' to reach a property owner when sent, then due process may be satisfied even if the property owner fails to receive actual notice prior to the forfeiture." *Demma v. United States*, No. 95 C 27, 1995 WL 642831, at *3 (N.D. Ill. Oct. 31, 1995).

Notice to an incarcerated person can be problematic. When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, the government must direct notice to that address. *Dusenbuerry v. United States*, 534 U.S. 161, 168 (2002). "When the government seeks forfeiture of property of a person who is at the time in government custody, the agency that initiates the forfeiture must find out in what government facility the person is being held and send notice to the right place." *Berrum v. United States*, No. 02 C 7714, 2003 WL 21078040, at *5 (N.D. Ill. May 13, 2003) (citing *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1162 (2d Cir. 1994)); *see also Chairez v. United States*, 355 F.3d 1099, 1101-02 (7th Cir. 2004); *Krecioch*, 221 F.3d at 980-81. Thus, the government violates due process when it purposely mails notice of forfeiture to the claimant's residence, knowing that the claimant is incarcerated or in federal custody. *Krecioch*, 221 F.3d at 980-81.

In this case, DEA sent multiple notices to Sowemimo at five different locations, including two federal facilities where he was incarcerated. Although the return receipt for the first notice of seizure of the laptop computer sent to the MCC was not signed, DEA subsequently mailed a copy of the notice with a letter explaining its contents. DEA sent additional notices for the laptop computer and the Lexus to Sowemimo at the Rochester Federal Medical Center and received signed

return receipts for both. In addition, DEA published notification in *The Wall Street Journal* newspaper on multiple dates as required by 21 C.F.R. § 1316.75.

DEA's efforts to provide notice of the forfeitures complied with *Dusenberry*. 534 U.S. 161. In *Dusenberry*, the government sent notice to the plaintiff by certified mail at his place of confinement. 534 U.S. at 168-69. Although a prison official signed to verify receipt, the government could not prove that Dusenberry actually received the notice. *Id.* The Supreme Court held due process does not require actual notice; it requires only that the government's effort be reasonably calculated to apprise a party of the pendency of the action. *Id.* at 170-71. Under that standard, the Supreme Court concluded the government had afforded Dusenberry adequate notice by sending it to him by certified mail at his place of incarceration. *Id.* at 172-73.

DEA provided Sowemimo adequate notice by sending multiple notices to his places of incarceration. DEA had no reason to believe that the prison officials who accepted those notices on Sowemimo's behalf would not transmit them to him. *Chairez*, 355 F.3d at 1101-02; *Berrum*, 2003 WL 21078040, at * 4; *Demma*, 1995 WL 642831, at *4. Although the complexities of prison security prevent a mail carrier from delivering certified mail directly to an inmate, correctional officials have a constitutional obligation to forward mail to prisoners. *Berrum*, 2003 WL 21078040, at *5. If Sowemimo was injured as a result of a prison official's failure to deliver his legal mail to him, he may have a damage claim under *Bivens* against the offending party. *Demma*, 1995 WL 642831, at *4. Thus, DEA's repeated attempts to provide Sowemimo with actual notice, including multiple notices sent to the correctional facilities and his attorney's office, as well as published notice, were reasonable under the circumstances. *Chairez*, 355 F.3d at 1101-02. Because

5

Sowemimo was afforded adequate notice of the administrative forfeiture action, this court lacks subject matter jurisdiction to consider his claim to the property. *Chairez*, 355 F.3d at 1102.

## CONCLUSION

For the foregoing reasons, Sowemimo's petition for return of seized property is dismissed for lack of subject matter jurisdiction.

September 28, 2005

ENTER:

Suzanne B. Conlon
United States District Judge